IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40928
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENARO MACIAS-ZAVALA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-322-ALL
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Genaro Macias-Zavala appeals the 41-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Macias-Zavala acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 490; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1202 (2001). Macias-Zavala's argument is foreclosed.

Macias-Zavala also argues that his indictment does not charge an offense because it fails to allege any general intent on his part. He concedes that this issue is foreclosed by Fifth Circuit precedent, but he argues that this binding precedent directly conflicts with a long line of relevant Supreme Court decisions. Macias-Zavala's indictment "fairly conveyed that [his] presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General." See <u>United States v. Berrios-Centeno</u>, 250 F.3d 294, 299-300 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 288 (2001). Accordingly, his indictment sufficiently alleged the general intent required of 8 U.S.C. § 1326 offenses. See <u>id.</u> at 297-98.

AFFIRMED.